# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK
# EAST ISLIP DIVISION

**CASE NO.: CV 12-2844(JFB)(ETB)**

<u>JUDGE: JOSEPH F. BIANCO</u>

<u>AMENDED COMPLAINT</u>

JONATHAN CANNON  and JOEL KRINGEL

|                      |                  |
|----------------------|------------------|
| Plaintiff,           | ) DEMANDS        |
|                      | ) JURY TRIAL     |
| v.                   | )                |
|                      |                  |
| LAW OFFICES OF HOFFMAN & HOFFMAN | ) |
| and JOSEPH A. HOFFMAN, ESQ., |      |
|                      | )                |
|                      | )                |
| Defendant(s).        | )                |
|                      | )                |
|                      | )                |
|                      | )                |

## <u>AMENDED COMPLAINT</u>

This Complaint is being amended and supplemented pursuant to FRCP 15(a) and required to be submitted by August 24, 2012 by Order of Judge Bianco at oral argument for defendants' motion to dismiss held on August 17, 2012. Therefore the Amended Complaint is timely.

The following Amendments to the Complaint are as follows:

That paragraphs "11" through "50" have been added with allegations, new facts and exhibits to support the cause of actions of Fraud, Intentional and Negligent Misrepresentation, Breach of Fiduciary Duty, Negligence and punitive damages.

Plaintiff, JONATHAN CANNON and JOEL KRINGEL (herein "Plaintiffs") alleges as follows:

## I. JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to Diversity Jurisdiction. Plaintiffs are New York State residents and Defendants LAW OFFICES OF HOFFMAN & HOFFMAN and JOSEPH A. HOFFMAN (herein "Defendants") principle place of business is in the State of California. The amount in controversy is $75,030.00 greater than the jurisdictional limit

2.      This Court has personal jurisdiction over the Defendants, and venue is proper in the Eastern District of New York, because Defendants knowingly authorized, permitted and allowed its client, Daniel Chartraw to solicit, conduct, and transact business in the State of New York by circulating defendants duly executed Attestation Letter to Plaintiffs in this District for the particular purpose of having the plaintiffs rely on the statements made in that Attestation Letter. To Plaintiffs detriment, the Plaintiffs wired $50,000.00 directly into Defendant JOSEPH A. HOFFMAN ESQ'S client-trust account and an additional $25,000.00 directly to Daniel Chartraw's account. *See Defendants Attestation Letter attached hereto as Exhibit "A"*

## II. PARTIES

3.      That at all times hereinafter mentioned Plaintiff, JONATHAN CANNON resides at 20 Sarah Anne Ct., Miller Place, County of Suffolk, State of New York.

4.      That at all times hereinafter mentioned, Plaintiff, JOEL KRINGEL resides at 113-16-76th Road, Forest Hills, County of Queens, State of New York.

5.      That at all times hereinafter mentioned, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a domestic corporation with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

6.      That at all times hereinafter mentioned, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a partnership with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

7.      That at all times hereinafter mentioned, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a sole proprietorship with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

8.      That at all times hereinafter mentioned, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney duly licensed to practice law in the State of California and resides in Folsom California with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

9.      That at all times hereinafter mentioned, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney and owner of defendant, LAW OFFICES OF HOFFMAN & HOFFMAN with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

10.     That at all times hereinafter mentioned, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney and partner of defendant, LAW OFFICES OF HOFFMAN & HOFFMAN with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

### III. EXHIBITS

11. Attached hereto as Exhibit "A" is a true and accurate copy of defendants Attestation Letter and attached to Email. *See Exhibit "B"* Fw: Part 2: Chartraw to Deegan 4/5/11 at 10:43 am.

12. Attached hereto as Exhibit "B" is a true and accurate copy of email stream,

consummating the Fraudulent Loan that included the following E-mails

- Fw:400k Loan
  - Chartraw to Weisz 3/30/11 at 2:00 pm;
  - Weisz to Deegan 3/30/11 at 4:49 pm;
  - Deegan to Cannon 4/3/11 at 2:45 pm;
  - *Deegan to Cannon 4/4/11 at 1:49 pm;

- Fw: Part I of 2 (attachments-*Airway Bill and Photos of gold bars*).
  - *Chartraw to Deegan 4/5/11 at 10:20 am;
  - Deegan to Cannon 4/5/11 at 11:09 am;

- Fw: Part 2(attachments- Joseph Hoffman's Attestation Letter (Ex."A");
  - Chartraw to Deegan 4/5/11 at 10:43 am;
  - *Deegan to Cannon 4/5/11 at 11:13 am;

- Fw: Pics of customs(attachments-Wire Instructions Hoffman, Esq. Account (Ex"B");
  - *Chartraw to Deegan 4/5/11 at 12:24 pm;
  - Deegan to Cannon 4/6/11 at 6:07 pm;

- Fw: MOU for jon on other funding for future projects
  - Chartraw to Deegan 4/7/11 at 10:41 am;
  - Deegan to Cannon 4/7/11 at 10:44 am;

- Fw: Here you go (attachments- Security Agreements(Ex"C");
  - Chartraw to Deegan 4/7/11 at 1:43 pm;
  - Deegan to Cannon 4/7/11 at 1:48 pm;

- Fw: Passport(attachments- Chartraw's Passport
  - Chartraw to Deegan 4/7/11 at 3:37 pm;
  - Deegan to Cannon 4/7/11 at 3:45 pm;

- Fw:
  - *Deegan to Cannon 5/4/11 at 2:46 pm;
  - Deegan to Cannon 5/4/11 at 6:20 pm;

- Fw: Wire
  - *Deegan to Chartraw 5/4/11 at 3:02 pm;

- Fw: Dan Chartraw(Attestation Letter)
  - *Deegan to Hoffman 5/18/11 at 10:16 am;
  - *Hoffman to Deegan 5/18/11 at 6:44 pm;
  - *Deegan to Hoffman 5/19/11 at 1:37 pm;
  - Deegan to Cannon 5/19/11 at 4:23 pm;

- Fw: Daniel Chartraw Attestation Letter(attached-*Attestation Letter*)
  - o   *Cannon to Hoffman cc: Gimenez 6/23/11 at 11:45 am;
  - o   Cannon to Gimenez 6/29/11 at 11:33 am;

  *(\* E mail mentions or contains Attestation letter and /or refers to Joseph Hoffman, Esq.):*

13. Attached hereto as Exhibit "C" is a true and accurate copy of the written Security Agreement stated in defendants Attestation Letter and attached to the e mail See *Exhibit "B"*. "Fw: Here you go: Chartraw to Deegan 4/7/11 at 1:43 pm.

14. Attached hereto as Exhibit "D" is a true and accurate copy of the Fax with wiring instructions for defendants Joseph Hoffman's Attorney/Client Iolta Account included in the email. *See Exhibit"B"* Fw: Pics of customs: Deegan to Cannon 4/6/11 at 6:07 pm. *(Fax is from Joseph Hoffman to Daniel Chartraw dated October 4, 2010. Chartraw used Joseph Hoffman's Attorney/Client Trust Account and swindled a North Carolina man out of more than 1 million dollars in a gold mining scheme alleged in Criminal Complaint and Affidavit of Richard J. Snodgrass, Special Agent, Federal Bureau of Investigation, dated February 21, 2012 in the action United States of America v. Daniel Chartraw, USDC, EDCA, docket no.: 12-mj-00051(KJN). See Criminal Complaint attached as Exhibit "E".*

15. Attached hereto as Exhibit "F" is a true and accurate copies of the bank confirmation for the wires of $50,000.00 and $25,000.00 from plaintiffs to Defendants Joseph Hoffman's Attorney/Client Account on April 11, 2011and June 6, 2011 respectively.

## IV. INTRODUCTION

16. Plaintiffs were introduced to Daniel Chartraw through a Broker named Michael Deegan via email in late March of 2011. *See Affidavits of Plaintiffs Jon Cannon and Joel Kringel attached hereto.*

17. Plaintiffs received the security agreements in an email Fw: MOU for jon on other funding for future projects. The parties to the agreements were Daniel L. Chartraw and NEXUS DEVELOPMENT, LLC, a California and Nevada  Based corporation with its principal place of business at 175 Sonoma Lane, Carmel Highlands, CA  93923 (hereinafter called **"Debtor"**), and Plaintiffs used Plaintiffs' Jon Cannon's company name New England development Corp., PO Box 1390 West Dover VT. 05356, a Vermont Based corporation (hereinafter called **"Secured Party"**) *(See agreements as Exhibit "C").*

18. The complete package of documents that Plaintiffs received for the loan included a Loan and Security Agreement, photos of a refinery and gold bars, one copy of fax with wiring instructions for Defendant, Joseph Hoffman, Esq. attorney client account at Chase and an Attestation Letter dated April 4, 2011 signed by Defendant, Joseph Hoffman, Esq. *(See Exhibit "A", Exhibit "B", Exhibit "C" and Exhibit "D").*

19. Written in the Security Agreement and in the Attestation Letter is a statement that Defendant, Joseph Hoffman had set a value of $6,000,000.00 in gold bars that Daniel Chartraw owned and that he was using as collateral. *(See Exhibit "A", and Exhibit "C").*

20. Plaintiffs decided to invest with Daniel Chartraw detrimentally relying on the statements attested to by Attorney, Joseph Hoffman's Attestation Letter and the other falsified fraudulent documents used by Chartraw.

21. Plaintiffs later orally agreed with Chartraw before sending any money that plaintiffs would only invest $150,000.00.

22. On April 11, 2011, Plaintiff Joel Kringel under his dental business account wired $50,000.00 to Joseph Hoffman's Account. *See Exhibit "E".*

23. Plaintiffs continued to honor in good faith the oral terms made under the security agreement so on June 6, 2011, wired $25,000.00 to Chartraw's Account. (*See Exhibit "E" and "F"*).

24. On June 7, 2011, Plaintiff in the companion action, Henry Gimenez wired $75,000.00 to Hoffman's Account. (*See Exhibit "E" and "F"*).

25. Plaintiffs believed their money was going to be used for the legal purpose when they deposited money into Defendant, Joseph Hoffman's Attorney-Client account.

26. Defendants stated in his Attestation Letter they would and did retain attorneys' fees from the proceeds. *See Exhibit "A"*.

27. On June 23, 2011 without any return on the loan being received by Plaintiffs from either Chartraw or Defendants, Plaintiff, Jon Cannon sent an email and copied plaintiff, Henry Gimenez "Fw: Daniel Chartraw Attestation Letter" to Joseph Hoffman on June 23, 2011.

28. The email requested an answer on whether Defendant Joseph Hoffman had written and signed the Attestation Letter dated April 4, 2011 and whether the information and representations were true. Jon Cannon also requested a prompt response.

29. Defendant Joseph Hoffman never responded. (*See. Fw: Daniel Chartraw Attestation Letter as Exhibit "B"*).

## FACTS

30. That at all times hereinafter mentioned Plaintiffs were provided by Defendants client, Daniel Chartraw, with the knowledge and authorization of the Defendants, a duly executed Attestation Letter by the LAW OFFICES OF HOFFMAN & HOFFMAN and JOSEPH A. HOFFMAN, Esq. The Attestation Letter claims that Nexus Development, LLC. is the primary

shareholder of AZROCK Holdings, LLC., and that Daniel Chartraw has the authority to contract on behalf of both companies. *Exhibit "A"*

31. Defendants represented and stated in the letter that the purpose of the Attestation Letter is to verify that Daniel Chartraw and Nexus Development, LLC are clients of Defendants, HOFFMAN & HOFFMAN and to attest that its clients, Daniel Chartraw and Nexus Development, LLC own at least one ton of dory bars with a value of at least $6 million dollars. *Exhibit "A"*.

32. That at all times hereinafter mentioned the defendants' LAW OFFICES OF HOFFMAN & HOFFMAN's Attestation Letter provided terms for a loan for its client, Daniel Chartraw's alleged gold mining businesses which was fraudulent.

33. The Attestation Letter provided instructions that proceeds were going to be disbursed directly through Defendant, JOSEPH A. HOFFMAN ESQ'S client-trust account *(JP Morgan Chase Bank account ending 1627 for the benefit of Joseph A. Hoffman Attorney At Law).*

34. On April 11, 2011, Plaintiff Joel Kringel under his dental business account wired $50,000.00 to Joseph Hoffman's Account. *See Exhibit "E".*

35. On June 6, 2011, plaintiffs wired $25,000.00 to Chartraw's Account. (*See Exhibit "E" and "F"*).

36. Plaintiffs attempted to contact defendant, JOSEPH A. HOFFMAN via Email on May 18, 2011 to confirm that the representations made in the Firms Attestation Letter were true and its authenticity. *Exhibit B*

37. Defendant, JOSEPH A. HOFFMAN responded by email for plaintiffs to deal with Daniel Chartraw directly knowing the returns on the loan were never received.

38. The Federal Bureau of Investigation contacted plaintiff, via letter identifying him as a victim in an "FBI" Forfeiture investigation concerning Daniel Chartraw. Daniel Chartraw was arrested in Mexico on April 17, 2012 in La Paz on a warrant from the FBI. Daniel Lee Chartraw and has been charged by a Federal Grand Jury for Fraud. Daniel Chartraw had a 2009 Judgment against him of almost Five (5) Million Dollar stemming from real estate fraud action.

39. That Daniel Chartraw hired, employed and/or retained Defendants to execute the Attestation Letter to use in connection with the Fraudulent Gold mining Security Agreement with plaintiffs.

40. Defendants knew or should have known of the 2009 Judgment against their client, Chartraw of almost Five (5) Million Dollar stemming from real estate fraud action when they released plaintiffs' money from Joseph Hoffman's attorney client trust account to Chartraw.

41. Defendants knew or should have known that the statements in the Attestation Letter would be held to a higher standard because of the fact the Defendants were attorneys attesting to these statements as true.

42. Defendants knew or should have known when they received plaintiffs' money in Defendant's Joseph Hoffman's attorney client trust account that Plaintiffs relied on the Attestation Letter representations concerning the specific loan with Chartraw.

43. Defendants knew or should have known that a lawsuit had been filed on September 30, 2010 in Harris County District Court Case No.: 2010-64521 naming AZ ROCK LLC as a defendant involved in a scheme to defraud lenders by promising them a share in the profits in the gold mining business.

44. Defendants owed a duty to plaintiffs as a result of special relationship, to give correct information regarding defendants' client Daniel Chartraw in Defendants Attestation Letter.

45. Defendants made false representations attesting that its client, Daniel Chartraw owned $6 million dollars in gold bars that defendants should have known were false.

46. Defendants knew that the information supplied in the Attestation Letter was desired by the plaintiffs for the serious purpose of investing money with defendants' client, Daniel Chartraw in a fraudulent gold mining scheme.

47. Plaintiffs relied on the Attestation Letter and acted upon it by wiring $50,000.00 directly into Defendants attorney client trust account which was known by defendants.

48. Plaintiffs relied on the Attestation Letter to his detriment by being taken in a fraudulent gold mining scheme and never receiving any return payment on the loan.

49. Defendants were aware that the Attestation Letter was to be used for a particular purpose and that the purpose was in furtherance of which plaintiffs were intended to rely upon.

50. Defendants' conduct of receiving plaintiffs $50,000.00 directly into defendants attorney client account with Daniel Chartraw evinces the professional understanding by Defendant Attorneys of Plaintiffs' reliance on the false statements in the Attestation Letter.

## AS FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS FOR NEGLIGENT MISREPRESENTATION

51. The plaintiffs repeats and reiterates each and every allegation contained in paragraphs "1" through "50" of this Amended Complaint with the same force and effect as though fully set forth herein.

52. That at all times hereinafter mentioned, as a result of the conduct described in this Amended Complaint, the Defendants, HOFFMAN & HOFFMAN negligently, intentionally and/or fraudulently misrepresented material facts in its Attestation Letter without any due diligence to verify the truth of the facts represented, knowingly allowing plaintiffs to

detrimentally rely on the misrepresentation of facts made in the Attestation Letter concerning Defendants HOFFMAN & HOFFMAN'S client Daniel Chartraw.

53. That at all times hereinafter mentioned the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the solicitation of Plaintiffs herein knowingly, willfully, recklessly and negligently made material false statements without use due diligence to discover the truth of the statements made in defendants Attestation Letter in which Plaintiffs detrimentally relied causing pecuniary loss.

54. That at all times hereinafter mentioned the defendants made false statements, knowing that they were false, and without reasonable ground for such belief.

55. That at all times hereinafter mentioned there is an existence of a special or privity-like relationship imposing a duty on the defendants to impart correct information to the plaintiffs as known parties of the transaction which involved defendants and its client Daniel Chartraw; that the information was incorrect; and plaintiffs' reasonable reliance on the information. The Defendants' had a duty of care to the plaintiffs in receiving plaintiffs deposit of $50,000.00 in defendant's JOSEPH A. HOFFMAN's attorney Client Trust account and knowingly receiving the monies based on the material representations and terms made in Defendants' own Attestation Letter.

56. That at all times hereinafter mentioned the plaintiffs relied on these material misrepresentations made in defendant's Attestation Letter to their detriment causing pecuniary loss and Plaintiffs would probably not have done so without such material misrepresentation.

57. That at all times hereinafter mentioned, the misrepresentation was an immediate cause of the plaintiffs' conduct which altered his legal relations, and when without such misrepresentation plaintiffs would not, in all reasonable probability, have entered into the transaction.

58. Defendants disburse plaintiff's $50,000.00 to Daniel Chartraw directly from Joseph A. Hoffman Esq's client-trust account causing Plaintiffs pecuniary loss and damages.

59. Defendants knew or should have known of plaintiffs $25,000.00 wired directly to Defendants client Chartraw base on the reliance of defendants false statements causing Plaintiffs pecuniary loss and damages.

60. By reason of the foregoing, the Defendants negligent material misrepresentation directly caused plaintiffs' pecuniary loss in the amount of $75,030.00 plus interest.

61. The Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully requests that the Court enter judgment against Defendants on the First Cause of Action in the amount of $75,030.00 plus interest from June 6, 2011, and compensatory, general and special damages in an amount to proof plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF
## ACTION AGAINST DEFENDANTS FOR FRAUD

62.         That the plaintiffs, repeats, realleges, and reiterates each and every allegation set forth in the paragraphs "1" through "61" of this Amended Complaint, as if more fully set forth at length herein.

63.         That at all times hereinafter mentioned the Defendants engaged in a pattern and practice of defrauding Plaintiffs in that, the Defendants intentional disbursed plaintiffs money and then failed to pay on the loan when it matured pursuant to the direction and terms in defendants Attestation Letter which remains due and owing.

64.         That at all times hereinafter mentioned the Defendants knew or should have known that the particular purpose of the Attestation Letter and the statements represented as true in fact by Joseph Hoffman as per his Attestation Letter would be used by its client to

encourage reliance by Plaintiffs' to invest on the loan that was for a fraudulent scheme to take plaintiffs' money without return payment.

65.      That at all times hereinafter mentioned, the Defendants concealed material facts known to them but not to Plaintiffs regarding the intent to defraud Plaintiffs.

66.      That at all times hereinafter mentioned, the Defendants made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in damage to its credit standing, costs and loss of its property. Plaintiffs were unaware of the true facts that no investment and return on a loan would take place.

67.      Had Plaintiffs known the true facts, Plaintiffs, among other things, would not have invested money to Defendants client, Chartraw through Defendants attorney-client trust account as represented by Joseph Hoffman as per his Attestation Letter., and/or would have never entrusted defendants' with $75,000.00.

68.      Plaintiff entrustment with the proceeds for the security agreement caused defendant to have a special relationship/privity relationship and the defendants breached that duty.

69.      That defendants acted with malice.

70.      As a result of the Defendants' fraudulent conduct, Plaintiffs have suffered compensatory, general and special damages in an amount to proof. Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiffs are entitled to an award of punitive damages.

71.      The Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully

requests that the Court enter judgment against Defendants on the Second Cause of Action in the amount of $75,030.00 plus interest from June 6, 2011, and compensatory, general in an amount to proof and Punitive damages in an amount to proof plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF
## ACTION AGAINST DEFENDANTS FOR NEGLIGENCE

72.     That the plaintiffs, repeats, realleges, and reiterates each and every allegation set forth in the paragraphs "1" through "71" of this Amended Complaint, as if more fully set forth at length herein.

73.     At all times relevant herein, the Defendants had a duty to exercise reasonable care and skill to maintain proper and accurate records and to secure and insure that money in the Attorney's trust account was used for a proper and legal purpose.

74.     In taking the actions alleged above, and in failing to take the actions as alleged above, the Defendants breached their duty of care and skill to Plaintiffs in the servicing and entrustment of Plaintiffs' investment for loan by, among other things, failing to properly and accurately secure, insure and withhold any of plaintiff's money sent to defendants trust account used for an improper or illegal scheme by their client, Daniel Chartraw.

75.     As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

76. The Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully requests that the Court enter judgment against Defendants on the Third Cause of Action in the amount of $75,030.00 plus interest from June 6, 2011, and compensatory, general and Special damages in

an amount to proof plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF
ACTION AGAINST DEFENDANTS FOR BREACH OF FIDUCIARY DUTY**

77.      That the plaintiffs, repeats, realleges, and reiterates each and every allegation set forth in the paragraphs "1" through "76" of this Amended Complaint, as if more fully set forth at length herein.

78.      That Defendants were under a duty to act properly for the benefit of plaintiffs upon matters within the scope of the relation of entrustment in the attorney trust account of $75,000.

79.      Plaintiffs' confidence is reposed on defendants' as Escrow agent and attorney attesting to the facts of and terms stated in the Attestation Letter.

80.      Defendant knew or should have known that plaintiffs were relying on the representations made and that a plaintiffs' had a personal trust in the defendant attorney's statements and plaintiffs were a known party to defendants before and at the time when their $75,000.00 was wired to the attorneys trust account for the benefit of Daniel Chartraw.

81.      Defendants failed its duty to appropriately safeguard $75,000 of Plaintiffs held by Defendant Joseph Hoffman in his attorney trust account.

82.      As a direct and proximate result of the Breach of the Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

83. The Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully requests that the Court enter judgment against Defendants on the Fourth Cause of Action in the amount of $75,030.00 plus interest from June 6, 2011, and compensatory, general in an amount to proof and

Punitive damages in an amount to proof plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

## AS FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS FOR INTENTIONAL MISREPRESENTATION

84. The plaintiffs repeats and reiterates each and every allegation contained in paragraphs "1" through "83" in this Amended Complaint with the same force and effect as though fully set forth herein.

85. That at all times hereinafter mentioned, the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the solicitation of lenders knowingly, willfully, recklessly and negligently made material false statements without use due diligence to discover the truth of the statements made in defendants Attestation Letter in which Plaintiffs detrimentally relied causing pecuniary loss.

86. That at all times hereinafter mentioned, the defendant made willful, reckless and malicious false statements, knowing they were false.

87. That at all times hereinafter mentioned, there is an existence of a special or privity-like relationship imposing a duty on the defendants to impart correct information to the plaintiffs; that the information was incorrect; and plaintiffs' reasonable reliance on the information. The Defendants' had a duty of care to the plaintiff in receiving plaintiffs' deposits of $75,030.00 in defendant's JOSEPH A. HOFFMAN's attorney Client Trust account and knowingly receiving the monies based on the intentional material representations and terms made in Defendants' own Attestation Letter.

88. That at all times hereinafter mentioned, the plaintiffs relied on these intentionally malicious and reckless material misrepresentations made in defendant's Attestation Letter to

their detriment causing pecuniary loss and Plaintiffs would probably not have done so without such material misrepresentation.

89. That at all times hereinafter mentioned, the misrepresentation was an immediate cause of the plaintiffs' conduct which altered their legal relations, and when without such intentional misrepresentation that defendants knew or should have known,  plaintiffs would not, in all reasonable probability, have entered into the transaction.

90. By reason of the foregoing, the Defendants intentional material misrepresentation directly caused plaintiffs' pecuniary loss in the amount of $75,030.00 plus interest.

91.        As a direct and proximate result of the intentional material misrepresentation of the Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

92. The Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully requests that the Court enter judgment against Defendants on the Fifth Cause of Action in the amount of $75,030.00 plus interest from June 6, 2011, and compensatory, general in an amount to proof and Punitive damages plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs, JONATHAN CANNON and JOEL KRINGEL respectfully requests that the Court, enter judgment against the defendants, JOSEPH A.HOFFMAN, Esq and the LAW OFFICES OF HOFFMAN & HOFFMAN in the amount of $75,030.00 plus interest from June 6, 2011, and general, special in an amount to proof and punitive damages in an amount of $500,000.00 attorneys fees and costs and such other and further relief as this Court deems just and proper.

Respectfully submitted,
Law Office of Henry Stanziale, Esq.

August 21, 2012

By: Thomas Stanziale, Esq.
New York Bar # 4539292
Telephone: (516) 746-6054
Facsimile: (516) 746-6321
E-mail: H.Stanziale@verizon.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

HENRY GIMENEZ                                            Docket No.: CV 12 0669(JFB)(ETB)

                            Plaintiff,

        -against-                                        **AFFIDAVIT OF**
                                                         **JONATHAN CANNON**

LAW OFFICES OF HOFFMAN & HOFFMAN
and JOSEPH A. HOFFMAN, ESQ.,
                            Defendant(s).
-------------------------------------------------------------------X


STATE OF NEW YORK}    ss:

COUNTY OF NASSAU}

        JONATHAN CANNON being duly sworn and under the penalties of perjury, deposes

and says:

        1.      I, JONATHAN CANNON reside at 20 Sarah Anne Ct., Miller Place, County

of Suffolk, State of New York.

        2.      This Affidavit is submitted in opposition to defendants motion to dismiss

plaintiffs' Complaint pursuant to FRCP Rule 12(b)(6). (*See Complaint attached as Exhibit*

*"A" to Declaration of Michael V. De Santis, Esq. in support of defendants' motion to*

*dismiss).*

        3.      I was introduced to Daniel Chartraw through a Broker named Michael Deegan

via email.

        4.      On April 3, 2011, I received an email "Fw:400k Loan" forwarded by Mike

Deegan (Broker) from Daniel Chartraw labeling the documents that will be provided by

Chartraw to me for the Loan. Attached to this email were a security agreement draft and four

(4) photos of a refinery. Deegan writes in the email "he (*Chartraw*) closed Mine on march 10

that is why the assetation by attorney". (*See Declaration of Henry Stanziale, Esq. Email "Fw:400k Loan" as Exhibit "B"*).

      5.     On April 5, 2011, I received a second email "Fw: Part I of 2" forwarded by Mike Deegan (Broker) from Daniel Chartraw with attachments of an Airway Bill and photos of gold bars (see *Exhibit "B")*.. Chartraw writes in the email:

> "airway bill and two pics the second email will be the **attestation** and contract of payment.....send all in one package and that should do it for any of your guys". (*See Declaration of Henry Stanziale, Esq. Email "Fw: Part I of 2" as Exhibit "B"*).

      6.     A few minutes later, I received another email "Fw: Part 2" forwarded by Mike Deegan (Broker) from Daniel Chartraw with attachments of an **attestation** and contracts *(See Declaration of Henry Stanziale, Esq. Exhibit "A")*. Chartraw writes:

> "this is the law firm attestation and a copy of one of the contracts that is paying out witch the law firm contested too....this stuff is confidential and especially the contract so please refrain from calls and distributing to people without my prior authorizations. thanks Dan". (*See Declaration of Henry Stanziale, Esq. Email "Fw: Part 2" as Exhibit "B"*).

> Deegan writes to me:
> "Looks pretty good, I think it is worth a call to Dan, basically attorney (*Hoffman*) is verifying everything Dan has told us. Keep this confidential. Call me." (*See Declaration of Henry Stanziale, Esq. Email "Fw: Part 2" as Exhibit "B"*).

      7.    On the same day, April 5, 2011 I received another email "Fw: Pics of customs" forwarded by Mike Deegan (Broker) from Daniel Chartraw with an attachment of a fax with wire instructions for Joseph Hoffman, Esq. Account *(See Declaration of Henry Stanziale, Esq Exhibit "D")*.

> Chartraw writes: "pics of customs .also Joe Hoffmans banking for attorney client account at JP

Morgan Chase." *See Declaration of Henry Stanziale, Esq. Email* "Fw: Pics of customs" *as Exhibit "B").*

8.     On April 7, 2011 I received an email Fw: MOU for jon on other funding for future projects where Daniel Chartraw writes:

> "I will have my attorney put this together formally for you as soon as I know the deposit is being made this 7[th] day of April, 2011. Thanks Dan

9.     Later in the day of April 7, 2011, I received the security agreements in an email Fw: Here you go *(See agreements as Exhibit "C").*

10.     The complete package of documents that I received for the loan included a Loan and Security Agreement, photos of a refinery and gold bars, one copy of fax with wiring instructions for Joseph Hoffman, Esq. attorney client account at Chase and an Attestation Letter dated April 4, 2011 signed by Joseph Hoffman, Esq. (*See Declaration of Henry Stanziale, Esq. as Exhibit "A", Exhibit "B", Exhibit "C" and Exhibit "D").*

11.     Written in the Security Agreement and in the Attestation Letter is a statement that Joseph Hoffman had set a value of $6,000,000.00 in gold bars that Daniel Chartraw owned and that he was using as collateral. (*See Declaration of Henry Stanziale, Esq. as Exhibit "A", and Exhibit "C").*

12.     Henry Gimenez, Joel Kringel and I decided to invest and agree to make a loan with Daniel Chartraw relying on the statements attested to by Attorney, Joseph Hoffman's Attestation Letter and the other falsified documents used by Chartraw.

13.     Originally, Daniel Chartraw said he was looking for investors at $500,000.00 per investment. However, Mike Deegan told Chartraw that we would only invest

$400,000.00 so the Security Agreement reflected that amount. (*See Declaration of Henry Stanziale, Esq. as Exhibit "A", and Exhibit "C"*).

14.    We then decided before sending any money we would only invest $150,000.00.

15.    On April 11, 2011, Joel Kringel wired $50,000.00 to Joseph Hoffman's Account. *See Exhibit "E".*

16.    Henry Gimenez, Joel Kringel and I completely relied on the Defendants' Attestation Letter. I assumed if an attorney was willing to put his name on this deal it was legitimate but I then asked Mike Deegan to look into it.

17.    On May 4, 2011, I received an email "Fw:" from Mike Deegan writing that he spoke to Hoffman confirming that he works with Dan. *See Declaration of Henry Stanziale, Esq. Email "Fw:" as Exhibit "B").*

18.    Mike Deegan contacted defendant, JOSEPH A. HOFFMAN via Email "Fw: Dan Chartraw" on May 18, 2011 to attempt to confirm that the representations made in the Firms Attestation Letter were true and its authenticity because my note was due that day and Chartraw said that he was sending payment through Hoffman's Firm. (*See Declaration of Henry Stanziale, Esq. Fw: Dan Chartraw as Exhibit "B").*

19. Joseph Hoffman responded to Deegan that:

> "It was my understanding that Dan was dealing with John Conner (Cannon) on the issue, If this is not your understanding, please let me know.
>
> Deegan responded back to Hoffmann
> It is Jon Cannon, Dan told me you would be wiring the funds"
> (*See Declaration of Henry Stanziale, Esq. Fw: Dan Chartraw as Exhibit "B").*

20.    We continued to honor in good faith the terms of the security agreement so on June 6, 2011, I wired $25,000.00 to Chartraw's Account. (*See Declaration of Henry Stanziale, Esq. as Exhibit "E"*).

21.    On June 7, 2011, Henry Gimenez wired $75,000.00 to Hoffman's Account. (*See Declaration of Henry Stanziale, Esq. as Exhibit "E"*).

22.    I believed my money was going to be used for the legal purpose when we deposited into Joseph Hoffman's Attorney Client IOLTA account. Especially, when Hoffman was going to retain his attorneys' fees from our gains as stated in his Attestation Letter. *See Exhibit "A"*.

23.    On June 23, 2011 without any return on the loan being received by us from either Chartraw or Hoffman, I sent an email "Fw: Daniel Chartraw Attestation Letter" to Joseph Hoffman and copied Henry Gimenez and told Joel Kringel that I sent this email on June 23, 2011. The email stated my name, his client, Chartraw, and that his Attestation Letter was part of the package used to obtain a short term bridge loan for his business on April 7, 2011. Most importantly, I requested an answer on whether he had written and signed the Attestation Letter dated April 4, 2011 and whether the information was true. I also requested a prompt response. Joseph Hoffman never responded. (*See Declaration of Henry Stanziale, Esq. Fw: Daniel Chartraw Attestation Letter as Exhibit "B"*).

24.     Therefore, I respectfully request that this Honorable Court deny defendants

Motion to dismiss pursuant to FRCP Rule 12(b)(6) in its entirety and such other and further

relief as this Court deems just and proper.

Dated: Mineola, New York
      July 12, 2012

Respectfully submitted,

JONATHAN CANNON

Sworn to before me this
12th day of July, 2012

Notary Public

THOMAS J. STANZIALE
Notary Public, State of New York
NO. 02ST6182557
Qualified in Nassau County
Term Expires February 25, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
JONATHAN CANNON and JOEL KRINGEL

                Docket No.: CV 12 2844(JFB)(ETB)

                Plaintiff,

      -against-                    **AFFIDAVIT OF**
                                  **JOEL KRINGEL**

LAW OFFICES OF HOFFMAN & HOFFMAN
and JOSEPH A. HOFFMAN, ESQ.,
                    Defendant(s).
-----------------------------------------------------------------------X
STATE OF NEW YORK}    ss:

COUNTY OF NASSAU}

      JOEL KRINGEL being duly sworn and under the penalties of perjury, deposes and says:

      1.      I, JOEL KRINGEL resides at 113-16-76th Road, Forest Hills, County of Queens, State of New York.

      2.      This Affidavit is submitted in opposition to defendants motion to dismiss plaintiffs' Complaint pursuant to FRCP Rule 12(b)(6). (*See Complaint attached as Exhibit "A" to Declaration of Michael V. De Santis, Esq. in support of defendants' motion to dismiss*).

      3.      I know Jon Cannon and Henry Gimenez and we invested $150,000.00 based on the terms attested to by Josesph Hoffman's in his Attestation letter under a security Agreement with his client Daniel Chartraw. My $50,000.00 was wired to Joseph Hoffman's Account on April 11, 2011. *See Exhibit "E"*.

      4.      On April 8, 2011 I received form Jon Cannon the complete package of documents that he received for the loan which included a Loan and Security Agreement, photos of a refinery and gold bars, one copy of fax with wiring instructions for Joseph

Hoffman, Esq. attorney client account at Chase and an Attestation Letter dated April 4, 2011 signed by Joseph Hoffman, Esq. (*See Declaration of Henry Stanziale, Esq. as Exhibit "A", Exhibit "B", Exhibit "C" and Exhibit "D"*).

5.      Written in the Security Agreement and in the Attestation Letter is a statement that Joseph Hoffman had set a value of $6,000,000.00 in gold bars that Daniel Chartraw owned and that he was using as collateral. (*See Declaration of Henry Stanziale, Esq. as Exhibit "A", and Exhibit "C"*).

6.      Henry Gimenez, Jon Cannon and I decided to invest and agree to make a loan with Daniel Chartraw relying on the statements attested to by Attorney, Joseph Hoffman's Attestation Letter used by Chartraw.

7.      We decided before sending any money we would only invest $150,000.00.

8.      On April 11, 2011, I wired $50,000.00 to Joseph Hoffman's Account. *See Exhibit "E"*.

9.      Henry Gimenez, Jon Cannon and I completely relied on the Defendants' Attestation Letter. I assumed if an attorney was willing to put his name on this deal it was legitimate but Jon then asked Mike Deegan to look into it.

10.     On May 4, 2011, Jon received an email "Fw:" from Mike Deegan writing that he spoke to Hoffman confirming that he works with Dan. *See Declaration of Henry Stanziale, Esq. Email "Fw:" as Exhibit "B"*).

11.     Jon Cannon informed me that Mike Deegan contacted defendant, JOSEPH A. HOFFMAN via Email "Fw: Dan Chartraw" on May 18, 2011 to attempt to confirm that the representations made in the Firms Attestation Letter were true and its authenticity because

my note was due that day and Chartraw said that he was sending payment through Hoffman's

Firm. (*See Declaration of Henry Stanziale, Esq.* Fw: Dan Chartraw *as Exhibit "B"*).

      12. Joseph Hoffman responded to Deegan that:

> "It was my understanding that Dan was dealing
> with John Conner (Cannon) on the issue, If this is
> not your understanding, please let me know.
>
> Deegan responded back to Hoffmann
> It is Jon Cannon, Dan told me you would be wiring
> the funds"
> (*See Declaration of Henry Stanziale, Esq.* Fw: Dan
> Chartraw *as Exhibit "B"*).

      13.     We continued to honor in good faith the terms of the security agreement so on

June 6, 2011, Jon wired $25,000.00 to Chartraw's Account. (*See Declaration of Henry*

*Stanziale, Esq. as Exhibit "E"*).

      14.     On June 7, 2011, Henry Gimenez wired $75,000.00 to Hoffman's Account.

(*See Declaration of Henry Stanziale, Esq. as Exhibit "E"*).

      15.     I believed my money was going to be used for the legal purpose when I

deposited it into Joseph Hoffman's Attorney Client IOLTA account. Especially, when

Hoffman was going to retain his attorneys' fees from our gains as stated in his Attestation

Letter. *See Exhibit "A"*.

      16.     On June 23, 2011 without any return on the loan being received by us from

either Chartraw or Hoffman, Jon Cannon sent an email "Fw: Daniel Chartraw Attestation

Letter" to Joseph Hoffman and copied Henry Gimenez and told me that he sent an email on

June 23, 2011. The email requested an answer on whether he had written and signed the

Attestation Letter dated April 4, 2011 and whether the information was true. Jon also

requested a prompt response. Joseph Hoffman never responded. (*See Declaration of Henry*

*Stanziale, Esq.* Fw: Daniel Chartraw Attestation Letter *as Exhibit "B").*

      17.    Therefore, I respectfully request that this Honorable Court deny defendants

Motion to dismiss pursuant to FRCP Rule 12(b)(6) in its entirety and such other and further

relief as this Court deems just and proper.

Dated: Mineola, New York
        July 12, 2012

Respectfully submitted,

JOEL KRINGEL

Sworn to before me this
12th day of July, 2012

Notary Public

EDUARD ARABOV
Commissioner of Deeds, City of New York
No. 48419
Cert. Filed in New York County   Queens
Commission Expires ___11/1/2012___